IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAUL RAMIREZ ESCOBAR, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 3:26-cv-052 |
| TODD LYONS, *et al.*, | ) Judge Stephanie L. Haines ) |
| Respondents. | ) ) ) ) |

**ORDER**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) *specific facts* in an affidavit or a verified complaint *clearly show that immediate and irreparable injury, loss, or damage will result* to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a

preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Raul Ramirez Escobar's ("Petitioner") Motion for a T.R.O., ECF No. 2, the Court finds that Petitioner has failed to make a sufficient showing to obtain a T.R.O. at this time.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 2 is **DENIED.**

---

[1] The Court takes this opportunity to more fully explain its decision. In his T.R.O. motion, Petitioner requests that he not be deported nor transferred out of the Moshannon Valley Processing Center while his habeas petition is pending. His petition sets forth that he is a citizen of El Salvador who came to the United States in 2004 and has resided in Manassas, Virginia ever since. ECF No. 1, ¶ 36. He has no criminal record. *Id*. ¶ 38. In 2007 Petitioner was granted deferral of removal to El Salvador under the Convention Against Torture Act ("CAT"). *Id*. ¶ 39. Immigration Customs and Enforcement ("ICE") arrested Petitioner and now threatens to deport Petitioner to Mexico, though Mexico has historically deported Salvadoran refugees back to El Salvador despite CAT protections. In either Mexico or El Salvador, Petitioner faces a high risk of torture. *Id*. Despite these concerns, Petitioner has not put forth sufficient nor specific facts to show that his deportation/removal is imminent, thus he has not satisfied the first prong required for a T.R.O. ("*specific facts* in an affidavit or a verified complaint *clearly show that immediate and irreparable injury, loss, or damage will result* to the movant before the adverse party can be heard in opposition.")

With respect to Petitioner's request for an Order that enjoins Respondents from transferring him to a different facility and directs that Petitioner remain in his current place of detention during the pendency of these proceedings, the Court notes that such a request from an alien detainee in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Indeed, "Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'" *Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (quoting *Gandarillas-Zambrana*, 44 F.3d at

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: January 23, 2026:                    BY THE COURT:

/s/ *Stephanie L. Haines*
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

1256). In light of these principles, the Court finds that it does not possess jurisdictional authority to enjoin Respondents from transferring Petitioner or to direct that Petitioner remain in his current place of detention during the pendency of these proceedings.